IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KARIM S. RICHARDSON, #171858, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-133-WHA |
| ) | [WO] |
| ) | |
| JUDGE JEFFERY W. KELLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Karim S. Richardson ["Richardson"], a state inmate currently incarcerated at the Ventress Correctional Facility. In this complaint, Richardson challenges the constitutionality of a sentence imposed upon him by the Circuit Court of Pike County, Alabama, in May of 2010. Richardson names Jeffery W. Kelley, the state judge who presided over his criminal proceedings; Larry Jerrell, the district attorney for Pike County; and Joe E. Sawyer, Jr., his retained attorney in the criminal matter, as defendants in this cause of action. Richardson requests judgment in his favor, injunctive relief and monetary damages for the alleged violations of his constitutional rights. *Complaint - Doc. No. 1* at 4.

Upon its review of the complaint, the court concludes dismissal of this case prior

to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## II.  DISCUSSION

### A.  Claims Against Judge Jeffery W. Kelley

Richardson argues that Judge Kelley violated his constitutional rights with respect to imposition of a sentence upon his conviction for a felony offense by the Circuit Court of Pike County, Alabama in 2010. Specifically, Richardson argues Judge Kelley used "his bench to racial discriminate because of race, class and ethnic prejudice, and conspired with defendants Jerrell and Sawyer to breach a plea agreement contract...." *Complaint - Doc. No. 1* at 2.  Richardson maintains that the defendants have refused to comply with terms of the orally negotiated plea agreement by failing to allow "concurrancy and cotomus" with respect to the running of his sentence.  *Id*. at 3. The claims against Judge Kelley entitle Richardson to no relief in this cause of action.

   1. <u>The Request for Monetary Damages</u>.  All of the allegations made by Richardson against Judge Kelley emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his

---

[1] The court granted Richardson leave to proceed *in forma pauperis* in this case. *Order of February 15, 2012 - Doc. No. 3*. An indigent prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Jeffery W. Kelley are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

    2. <u>Request for Declaratory/Injunctive Relief from State Court Action</u>. To the extent that Richardson seeks declaratory and/or injunctive relief from a sentencing order issued by a state court which has become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Richardson from proceeding before this court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes dismissal of any requests seeking relief from the 2010 sentencing order issued by Judge Kelley in Richardson's criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

### B. Claims Against Larry Jerrell

Richardson challenges the constitutionality of actions undertaken by District Attorney Larry Jerrell with respect to negotiation and imposition of a sentence pursuant to a plea agreement. *Complaint - Doc. No. 1* at 3. It is clear from the complaint that the claims made against defendant Jerrell emanate from Jerrell's representation of the State

with respect to criminal proceedings conducted before the Circuit Court of Pike County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions of defendant Jerrell about which the plaintiff complains relate to the role this defendant undertook "as an 'advocate' for the state" and such actions were "intimately

5

associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Jerrell is therefore "entitled to absolute immunity for that conduct." *Id.* Thus, Richardson's request for damages against Larry Jerrell lacks an arguable basis and is therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*, 490 U.S. at 327. As previously determined, the plaintiff is entitled to no declaratory or injunctive relief for any adverse action taken during the state court proceedings related to his sentence before the Circuit Court of Pike County, Alabama.

### C. Claims Against Defense Counsel

Richardson complains Joe E. Sawyer, Jr., the attorney who represented him on the Pike County conviction, failed to ensure imposition of a sentence in accordance with the terms of the orally negotiated plea agreement. *Complaint - Doc. No. 1* at 3.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "***both*** an alleged constitutional deprivation ... ***and*** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"

*American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Richardson complains was not committed by a person acting under color of state law, the claims asserted against Joe E. Sawyer, Jr. are frivolous as they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. These claims are therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D. The Challenge to Plaintiff's Sentence

Richardson attacks the validity of the sentence imposed upon him in 2010 by the Circuit Court of Pike County, Alabama. Specifically, Richardson argues that the state court violated his constitutional rights when it failed to impose the sentence contained in a negotiated plea agreement. *Complaint - Doc. No. 1* at 3. He further challenges the constitutionality of actions undertaken by the judge, prosecuting attorney and defense counsel during the sentencing proceedings. *Id.* These claims go to the fundamental legality of the plaintiff's sentence. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or sentence is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at

8

645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims before this court challenge the constitutionality of a sentence imposed upon Richardson by the Circuit Court of Pike County, Alabama. A judgment in favor of Richardson on these claims would necessarily imply the invalidity of this sentence. It is clear from the complaint that the sentence about which Richardson complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the plaintiff's current sentence is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

### E. The Conspiracy Claim

Richardson alleges that the sentence about which he complains resulted from a conspiracy among the defendants to deprive him of his constitutional rights. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint. At best, the assertions made by Richardson

with respect to a conspiracy are self serving, purely conclusory allegations which fail to assert those material facts necessary to establish the existence of a conspiracy. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositions, Richardson presents nothing to establish an actual conspiracy to deprive Richardson of his constitutional rights. In light of the foregoing, the court concludes that Richardson's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for declaratory and injunctive relief with respect to a sentencing order issued Judge Jeffery W. Kelley be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims for monetary damages lodged against Judge Jeffery W. Kelley and Larry Jerrell be DISMISSED with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(iii).

3. The plaintiff's claims against Joe E. Sawyer, Jr. be dismissed with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

4. The plaintiff's challenge to the constitutionality of the sentence imposed upon him by the Circuit Court of Pike County, Alabama be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this cause of action.

5. The plaintiff's claims regarding a conspiracy be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

6. This case be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before March 6th, 2012, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of February, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE