IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KARIM S. RICHARDSON, #171858, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:12cv133-WHA |
| | ) | |
| JUDGE JEFFERY W. KELLEY, et al., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #4), and Plaintiff's Objection (Doc. #7).  The court has conducted an independent evaluation and *de novo* review of the file in this case.

This 42 U.S.C. § 1983 action is before the court on a complaint filed by a state inmate, Karim Richardson, in which he challenges the constitutionality of a sentence  imposed upon him by the Circuit Court of Pike County, Alabama in May of 2010.  Richardson names Jeffery W. Kelley, the state judge who presided over his criminal proceedings, Larry Jerrell, the district attorney for Pike County, and Joe E. Sawyer, Jr., his retained attorney in the criminal matter, as Defendants in this action.

The Recommendation is that this case be dismissed prior to service of process.  (Doc.# 4.)  Specifically, the Magistrate Judge determined that the Plaintiff had no legal basis on which to proceed on his claims against the judge, district attorney or defense counsel.  *Id*. at 2-7.  In addition, she found that the challenge to the validity of Plaintiff's sentence was not properly before the court in a section 1983 action. *Id*. at 7-9.

In his objection, the Plaintiff challenges the authority of a Magistrate Judge to issue a Recommendation and also appears to object to the Magistrate Judge entering orders addressing non-dispositive motions filed in this case (the orders challenged by the Plaintiff merely grant his request to proceed IFP (Doc. #3) and deny leave to submit interrogatories (Doc. #6). Specifically, the Plaintiff argues that a magistrate judge has no authority to issue any orders or Recommendations without his consent as referenced in  28 U.S.C. § 636(b)(4)(c)(1).   The plaintiff's argument is without merit.

Initially, the code section on which the Plaintiff relies requires consent of the parties only to allow a magistrate judge to determine dispositive motions and enter judgment in a civil matter. Local Rule 72.2 of this court allows the magistrate judges "to exercise all powers and perform all duties authorized by 28 U.S.C. §§ 636(a) and (b)...."  Under the general and standing rules of this court, magistrate judges are designated by the district judges "to hear and determine any pretrial matter pending before the court" in prisoner cases with the exception of various dispositive motions and motions for injunctive relief.  28 U.S.C. §§ 636(b)(1)(A).  Moreover, 28 U.S.C. §§ 636(b)(1)(B), directs that a magistrate judge in a prisoner civil rights action may "conduct hearings, including evidentiary hearings" regarding any motion excepted in subparagraph (A) "and submit to [the assigned district judge] proposed findings of fact and recommendations...." Thus, the plaintiff's consent is not required regarding entry of the orders and Recommendation which the plaintiff seeks to challenge.

   In light of the foregoing, the objection to the Recommendation is due to be overruled as the Plaintiff's challenge to the Magistrate Judge's authority is without merit.  To the extent that the

objection contains an objection to the orders issued herein on 2/15/2012 (Doc. # 3) and

2/24/2012 (Doc. #6), the objection is due to be overruled because neither order challenged by the

Plaintiff "is clearly erroneous or contrary to law."  Rule 72.(a), *Federal Rules of Civil Procedure*.

Accordingly, it is hereby ORDERED as follows:

1.  Plaintiff's objections to the orders contained in Docs. #3 and #6 are OVERRULED.

2.  Plaintiff's objections to the Recommendation are OVERRULED, and the court

ADOPTS the Recommendation of the Magistrate Judge.

3.  The Plaintiff's claims for declaratory and injunctive relief with respect to a sentencing

order issued by Judge Jeffery W. Kelley are DISMISSED with prejudice in accordance with 28

U.S.C. § 1915(e)(2)(B)(i).

4.  The Plaintiff's claims for monetary damages lodged against Judge Jeffery W. Kelly

and Larry Jerrell are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

5.  The Plaintiff's claims against Joe E. Sawyer, Jr. are DISMISSED with prejudice in

accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

6.  The Plaintiff's challenge to the constitutionality of the sentence imposed upon him by

the Circuit Court of Pike County, Alabama, is DISMISSED without prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this action.

7.  The Plaintiff's claims regarding a conspiracy are DISMISSED with prejudice under

28 U.S.C. § 1915(e)(2)(B)(ii).

8.  This case is DISMISSED prior to service of process in accordance with 28 U.S.C. §

1915(e)(2)(b)(i), (ii), and (iii).

DONE this 12th day of March, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE